Turner, J.
 

 The writ of mandamus is not a writ of right, and the issuance of a peremptory writ rests in the sound discretion of the court.
 

 In Bates Pleading, Practice, Parties & Forms (4 Ed.), 1753, Section 1953, it is said: “Relator must show himself legally and equitably entitled to the right [writ], that it is legally demandable from defendant, and that such person has it still in his power to perform; also, relator must affirmatively show the performance of whatever is required of him as a condition precedent.”
 

 In 25 Ohio Jurisprudence, 1021, it is said: “So, it is apparent that mandamus will not be awarded in all cases, even where a
 
 prima facie
 
 right to relief is shown, but regard will be had to the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. The court may consider the applicant’s rights, the interests of third persons, the importance or unimportance of the case, and the applicant’s conduct, in determining whether the writ shall issue.”
 

 We recognize the importance of the office of prosecuting attorney and the necessity of that official being given every possible assistance in the conduct of his office. At the same time, we must take into consideration the condition of the county treasury and the needs of other county officials.
 

 The petition contains no allegation that there is sufficient money in the county treasury unappropriated
 
 *89
 
 and unencumbered to meet the amounts which relator demands. In lieu thereof, relator alleges merely “that there
 
 was
 
 sufficient
 
 anticipated revenue
 
 in the General Fund on
 
 such 31st day of March, 1941,
 
 not already encumbered by mandatory appropriations.” (Italics ours.) This is an insufficient allegation, especially in a petition filed on August 20,1941. See 11 Ohio Jurisprudence, 585, 586, Section 313.
 

 While this defect is sufficient to dispose of the petition on demurrer, we are of the opinion that this case should be disposed of finally, as we understand from the oral argument that we have before us in the pleadings and admissions all the facts of which the case is capable.
 

 The petition shows on its face that the county commissioners made the annual appropriation to the prosecuting attorney on March 31, 1941. This mandamus action was not filed until August 20, 1941, and the alternative writ was served on August 25, 1941.
 

 The answer alleges, and the demurrer admits, that the budget commission determined and tbe county commissioners appropriated the amount of $5,707.60. While relator questions the right of the budget commission (Section 5625-19
 
 et seq.,
 
 General Code) to control the amounts to be allowed to his office under Sections 2914, 2915, 2915-1 and 3004, General Code, it will not be necessary to pass on that question here.
 

 The answer also alleges, and the demurrer likewise admits, that there is no money in the general fund of the county or in any other fund from which any such appropriation can now be made. Relator argues that this defense is negatived by the eighth defense, which, after alleging that the respondents by their resolution of March 31, 1941, appropriated the full aggregate amount shown by the official certificate of estimated resources for 1941, states that after fixed charges are paid there will be a residue of $1,371.17 in the general fund, which is not only less than the amount demanded
 
 *90
 
 by relator in his petition, bnt wholly insufficient to meet the demands of other officials whose requested appropriations were scaled down. This eighth defense is also admitted by the demurrer.
 

 During oral argument it was admitted by relator that the other officials of Athens county had been unable to secure the full amounts of appropriations demanded by them because of lack of funds in the county treasury.
 

 On December 1, 1941, relator filed herein a memorandum showing that since the service of the alternative writ of mandamus on August 25, 1941, the respondents had made a supplemental appropriation bringing the aggregate amount appropriated for a stenographer up to the full amount asked. Furthermore, the respondents also had appropriated an additional amount for the secret service officer so as to make the aggregate appropriation for the year for that purpose $1,295, equal to one-half the salary of the prosecuting attorney, which the relator says is “consistent with the order of the Common Pleas Court of January 6, 1941, but not with the court’s order of March 17, 1941.”
 

 The alternative writ having been complied with in respect of the appropriation for stenographer, that aspect of the case is now moot.
 

 The petition shows that while the judge of the Court of Common Pleas first fixed the compensation of a secret service officer at $103.75 per month for the time actually occupied in such service, he later fixed such compensation at $125 per month “for the time actually occupied in such services.”
 

 It is to be noted that while Section 2915-1, General Code, provides that the compensation of the secret service officer shall “not be less than $125 per month
 
 for the time actually occupied in such service,”
 
 it also provides in the same sentence,
 
 “nor more than one-
 
 
 *91
 

 half of the official salary of the prosecuting attorney for a year. ’ ’
 
 (Italics ours.)
 

 We hold that respondents have complied with the provisions of Section 2915-1, General Code, and that the matter of appropriation for the compensation of a secret service officer is now moot.
 

 Coming to the,remaining question: Relator alleges that respondents did appropriate the sum of $858.80 as an allowance under Section 3004, General Code. While Section 3004 provides that there shall be allowed annually to the prosecuting attorney an amount equal to one-half of his official salary to provide for expenses which may be incurred by him in the performance of his official duties and in the furtherance of justice, there is no requirement in the statute that this shall be either allowed or paid in a lump sum. The statute does provide: “Upon the order of the prosecuting attorney the county auditor shall draw his warrant on the county treasurer payable to the prosecuting attorney or such other person as the order designates, for such amount as the order requires, not exceeding the amount provided for herein, and to be paid out of the general fund of the county. ’ ’ The petition contains no allegation that the amount already appropriated, or any part of it, has been expended by the relator. Besides, the petition does not show that relator has complied with Section 3004 by giving the bond required therein. Hence, there is no showing that relator has qualified himself to draw from the county treasury the amount already appropriated.
 

 As the respondents have complied with the alternative writ in respect of the appropriation for a stenographer and secret service officer, and as relator has failed to show himself entitled to a mandatory writ under Section 3004, General Code, it will not be necessary in this case to pass upon the question of whether there is any clear legal duty resting upon the county commissioners in respect of the allowances to a prose-
 
 *92
 
 outing attorney authorized by Sections 2914, 2915, 2915-1 and 3004, General Code.
 

 The demurrer to the answer will be overruled. As the demurrer, although filed to the answer, searches the record, and the petition being defective as heretofore pointed out, the demurrer will be sustained to the petition and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.