By the Court.
 

 The Attorney General, on behalf of the respondents, in support of their demurrer to relator’s petition claims that it must affirmatively appear that the relator is a party beneficially interested in the relief sought (Section 12287, General Code); and that, while the village is an employer under the Workmen’s Compensation Act, the relator, as chief of police of the village of Glendale, is not an employee but an officer of the village, and in case of injury or death in performing the duties of his office, neither he nor his dependents are entitled to participate in the workmen’s compensation fund. Section 1465-61, Genera J Code.
 

 The Attorney General further claims that relator’s right to participate in the workmen’s compensation fund is not in any way dependent upon the contribution by the village to such fund. This court is in accord with this claim.
 

 
 *199
 
 Section 1465-68, General Code, provides, in part, that “every employee mentioned in Section 1465-61, who is injured, and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, on and after January 1, 1914, shall be entitled to receive, either directly from his employer as provided in Section 1465-69, or from the state insurance fund, such compensation for loss sustained on account of such injury or death, and. such medical, nurse and hospital services and medicines, and such amount of funeral expenses in case of death as provided by Sections 1465-79 to 1465-87 inclusive.”
 

 The right to compensation is not made contingent or dependent upon a contribution or the correctness of a contribution to the public insurance fund by the employer. If the village of Glendale has been deficient in its report to the commission, or in its contribution to the fund, the commission, under authority of Section 1465-65, General Code, may take such delinquency or deficiency into consideration in computing current or future contributions, and Section 1465-67, General Code, furnishes authority to the commission to take all appropriate action under the circumstances. The determination to exercise, or the mode of exercising such discretion is a matter of no concern to the relator since his right to compensation, if any, is not dependent thereon.
 

 The court finds it unnecessary to determine whether the relator is an officer of the village of Glendale. If he is such officer, he is not covered by the Workmen’s Compensation Act. If he is not such officer, his status is not affected by any failure of the village to make contribution to the insurance fund.
 

 Since it does not appear that the relator is beneficially interested in the action sought to be required
 
 *200
 
 of the respondents, the demurrer to the petition is sustained and a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.