THE STATE, EX REL. CLINGER, PROSECUTING ATTORNEY, *v.* SHELL ET AL.

(No. 208—Decided December 18, 1942.)

*Messrs. Stephenson & Wilson,* for relator.
*Mr. Gordon D. Lovett,* for respondents.

BY THE COURT. This cause, in which the relator is seeking a writ of mandamus, was originally instituted in this court. The demurrer to the first amended petition was sustained for the reason that the allegations of the pleading did not conform to the requisites set forth by the Supreme Court of Ohio in the case of *State, ex rel. Mettler, Pros. Atty.,* v. *Stratton et al., Commrs.,* 139 Ohio St., 86, 38 N. E. (2d), 393. A second amended petition has been filed, the allegations of which are in compliance with the doctrine of the *Mettler case,* and a demurrer having been filed thereto, two issues are now before the court for determination.

First, should this court in the exercise of its sound discretion, in the event relator is possessed of a clear legal right, grant the extraordinary remedy of mandamus.

Second, do the circumstances give rise to a legal right on the part of the relator.

The relator, while serving as prosecuting attorney of Adams county, Ohio, having been elected for a four-year term beginning on the first day of January 1941, enlisted in the military service of the United States in December 1941.

The county commissioners of Adams county refused an appropriation for the prosecutor's salary for the months of January, February, March and April, 1942, and the auditor of Adams county, upon the presentation by the relator of vouchers for salary for those months, refused to draw and deliver to the relator a warrant on the county treasurer for the payment of the salary. It is not claimed that the relator performed any of the duties of his office for this period. On the contrary the sole proposition urged here is that an elected official of the state of Ohio or any of its subdivisions has absolute right to the compensation or salary of the office for the term for which he was elected, in the absence of a vacancy.

The Legislature of Ohio has determined the matter of vacancy for county officers, due to absence, by the enactment of Sections 2397-1 and 2397-2, General Code, in fixing the period of time beyond which an absence amounts to a vacancy.

It is set forth in Section 2397-2, General Code, in unequivocal terms that:

"Nothing contained in this act shall apply to a county officer while in the active military service of the United States."

In the enactment of this provision, the Legislature of Ohio was proceeding in conformity with the general policy of the country in an attempt to preserve for enlistees or draftees their jobs to which they might return upon the expiration of their military service. There can be no question under this enactment, that the prosecutor of Adams county, even though in the military service of the United States and drawing compensation therefor and devoting his full time thereto, still holds the office of prosecuting attorney of Adams county. We take judicial notice of the fact that he is performing no duties of the office whatever, that he is absent from the county, and that he is devoting full time to military service and receiving the compensation fixed for such service.

This court recognizes the general proposition that an elected official is entitled to the emoluments of his office including salary. However, it seems patent that to receive public moneys for duties never performed, while at the same time being remunerated through another source for the same period for activities in an entirely different field, is wholly against the public good. We can not ignore the fact that civil government must be maintained. The expense is defrayed by the taxpayer. The adoption of a policy whereby that expense, for an elective office, is doubled for the taxpayer, already burdened with the expense of the prosecution of a war, is apt to endanger the orderly

processes of government. Such a policy would shake public morale. This court, having the right and duty in this case, where the extraordinary remedy of mandamus is sought, to exercise its sound discretion, must deny the writ on the ground that it undermines public morale, that it unduly burdens taxpayers and endangers the orderly processes of government, and that it would afford remuneration for duties never performed.

We arrive at the foregoing conclusion whether or not a legal right is possessed by the relator. However, we seriously doubt the existence of a legal right. It will be noted that the Legislature, in its enactment relative to vacancy, is entirely silent on the subject of salary. While we have stated that we recognize the general proposition of law that an elected official is entitled to the emoluments of his office and that the salary is a part thereof, yet we can not lose sight of the equally true abstraction that it is for duties performed and services rendered that remuneration and salary is fixed and paid. The failure to perform a duty or render a service enjoined by law cannot become the grounds for remuneration under the circumstances of this case. We fully recognize and give complete effect to the enactment of the Legislature insofar as the unequivocal language specifies. It is devoted to the proposition of vacancy alone and is entirely silent on the subject of salary. The enactment should bear a strict construction and like all other enactments should not be made the subject of judicial legislation. The circumstances of the instant case constitute it an exception and the general rules relative to salary and remuneration are not applicable. To hold otherwise would be to adopt a legal reasoning resulting in a conclusion shocking to any sense of equity and good judgment.

*Demurrer sustained.*

GILLEN, P. J., McCURDY and METCALF, JJ., concur.