Hart, J.
Tavo main questions are made by the record in this case. They are (1) does the relator have legal capacity to sue; and (2) does the petition state facts sufficient to constitute a cause of action?
It is clear from the uncontroverted facts in this case that the relator Avas acting merely as agent for others in the purchase of Avater for property owners in the city of Cleveland; that he Avas reimbursed by these *521 owners for sums paid by Mm for water, and that lie has in fact no pecuniary interest in water rates charged by or paid to the city of Cleveland. Generally, agents have no implied power to institute actions even in respect to the subject matter of their agency. 2 American Jurisprudence, 154, Section 194.
Section 12287, General Code, requires that the person bringing an action in mandamus must be a party beneficially interested in the relief sought. Where no legal right of a person can be affected by the failure of public officials to act in any given matter, he has no such beneficial interest as will permit him to maintain an action in mandamus against them to require official action in such matter. State, ex rel. Latta, Chief, v. White, 140 Ohio St., 197, 42 N. E. (2d), 902; State, ex rel. Meyer, v. Henderson, 38 Ohio St., 644.
Furthermore, the relief sought in this case, as shown by the petition, is identical with that sought and heretofore granted by the court in the case referred to in relator’s petition. (Hartwig Realty Co. v. City of Cleveland, supra.) A writ of mandamus will not issue in a second action between the same parties or between parties representing such parties to require the performance of what the court in the first action has already ordered to' be done. It would be a vain thing for-this court to grant a peremptory writ to require the performance of what the court has already ordered, and since the granting of such a writ is a matter of discretion with the court and not a matter of right, it will not grant such relief a second time. State, ex rel. Mettler, Pros. Atty., v. Stratton et al., Commrs., 139 Ohio St., 86, 38 N. E. (2d), 393. The remedy of a water rate payer interested in the order heretofore granted by the court must be sought in a proper court to compel compliance with the order al *522 ready made. The petition does not state a canse of action and the allowance of the writ will be denied.

Writ denied.

Weygandt, C. J., Matthias, Zimmerman, Bell and Turner, JJ.,,concur.
Williams, J., not participating.