JOURNAL ENTRY AND OPINION
{¶ 1} In this mandamus action the relator, Todd Pilz, seeks to compel the respondent judge to rule on several motions to correct the record which were filed in the underlying case, State of Ohio v. ToddPilz, Cuyahoga County Common Pleas Court Case No. CR-329743. Mr. Pilz is endeavoring to correct what he claims is an inconsistency between the sentencing hearing and the sentencing journal entry.[1] He submitted his first motion on October 27, 1999. In the pleading caption he stated that this was motion was for both CR-347290 and CR-329743; the trial court sentenced him for probation violations at the same hearing. However, the motion was not docketed for the underlying case, CR-329743. When the trial court did not rule on this motion, he retained an attorney who filed another motion to correct the record on January 26, 2000, and a supplement to that motion on March 7. 2001.
 {¶ 2} On November 26, 2002, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the mandamus claim on the grounds of mootness. The motion relies upon a docket notation which reads as follows: "DATE: 01-31-2000 TIME: 11:35: :12 DESCRIPTOR: MDIS-MOTION DISPOSED PGH: MOTION TO CORRECT RECORD, CAINE NO FILE BJ, . . BXJ 01/31/00 11:35." Because this notation reads "Motion Disposed," the respondent submits that the motion has been resolved, although the rest of the notation does not state whether the motion was granted or denied.
 {¶ 3} In Harless v. Willis Day Warehouse Company, Inc. (1978),54 Ohio St.2d 64, 375 N.E.2d 46, the Supreme Court of Ohio stated the appropriate standard for granting summary judgment: "Appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."
 {¶ 4} The motion for summary judgment does not sustain this burden. Reasonable minds, viewing the docket notation in the light most favorable to the relator, could conclude that the motions to correct the record were not resolved. There is no signed, file-stamped journal entry specifically stating whether the motions to correct the record were granted or denied. The docket does not state that either. Indeed, the notation as a whole indicates that the motion to correct the record was circulated to someone else for disposition, not that there was an actual disposition. Furthermore, the rest of the docket does not indicate that the motions were resolved.
 {¶ 5} Accordingly, this court denies the motion for summary judgment.
 {¶ 6} Additionally, the record, including a review of the dockets, reflects that the respondent court did not rule on the three subject motions to correct the record. These motions have been pending for more than a year and must be resolved. State ex rel. Pressley v.Industrial Commission of Ohio (1967), 11 Ohio St.2d 141,28 N.E.2d 631; State ex rel. Bennett v. Lime (1978), 55 Ohio St.2d 62,378 N.E.2d 152; State ex rel. Dollison v. Reddy (1978), 55 Ohio St.2d 59,378 N.E.2d 150; and State ex rel. Mettler v. Commissioners of AthensCounty (1941), 139 Ohio St. 86, 38 N.E.2d 393. Accordingly, this court grants the application for a writ of mandamus and issues the writ: The respondent is directed to rule on the three pending motions forthwith. Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
TIMOTHY E. McMONAGLE, A.J. AND TERRENCE O'DONNELL, J., CONCUR.
[1] Initially, the respondent placed Mr. Pilz on probation for an aggravated robbery conviction in Case No. CR-329743. Subsequently, Mr. Pilz was convicted and sentenced to three years for robbery by the Medina County Common Pleas Court. Then, Mr. Pilz pleaded no contest to a new charge in Cuyahoga County, failure to comply with an order signal. At that time the respondent also found Mr. Pilz to be a probation violator on the aggravated robbery case. During the sentencing hearing the judge indicated that he would continue Mr. Pilz on probation for the Cuyahoga County cases after he finished serving his sentence from the Medina County case. However, the journal entry for the aggravated robbery case ordered that the original sentence of ten to twenty-five years be imposed, and later the respondent terminated the community control sanctions for the second Cuyahoga County case.