ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Michael Foster, is the defendant in Brook Park v.Foster, Berea Mun. Court Case No. 01CRB00985. Foster avers that, although he has been incarcerated at the Marion Correctional Institution and filed a notice of imprisonment and request for disposition in Case No. 01CRB00985 under R.C. 2941.401, Case No. 01CRB00985 remained pending.
 {¶ 2} Respondent filed a motion to dismiss this action attached to which is a certified copy of respondent's journal entry dismissing Case No. 01CRB00985. Foster has not filed a response. Respondent argues that this action is moot. We agree.
 {¶ 3} We note that dismissal is appropriate in this case despite the fact that the motion to dismiss presents matters outside the pleading. Civ.R. 12(B) and 56. A court may take judicial notice of mootness. "In fact, `an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' Pewitt v. Lorain Correctional Inst.
(1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94." State ex rel. Nelsonv. Russo (2000), 89 Ohio St.3d 227, 228, 2000-Ohio-141, 729 N.E.2d 1181. As a consequence, we take judicial notice of the mootness of this action in light of the fact that respondent issued a journal entry dismissing Case No. 01CRB00985.
 {¶ 4} The complaint also manifests various defects.
" * * * Additionally, relator `did not file an R.C. 2969.25(A)affidavit describing each civil action or appeal of a civil action he hadfiled in the previous five years in any state or federal court * * *.'State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas(2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, wedeny relator's claim of indigency and order him to pay costs. Id. at420."
 {¶ 5} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, Foster has failed to support his complaint with the affidavit required by R.C. 2969.25(A), and we deny his claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board
(1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State ex rel. Hitev. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a), which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel.Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.
 {¶ 6} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Blackmon, P.J., concurs.
 Karpinski, J., concurs.