ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator requests that this court compel respondent judge to issue findings of fact and conclusions of law with respect to the petition for postconviction relief filed by relator in State v. Bailey,
Cuyahoga County Court of Common Pleas Case Nos. CR-424092 and 430159 on October 25, 2004. (By separate entry, this court granted relator's motion to remove respondent attorney general as a party to this action.)
 {¶ 2} Respondent has filed a motion for summary judgment attached to which is a copy of the findings of fact and conclusions of law issued by respondent and received for filing by the clerk on August 24, 2005 in Case Nos. CR-424092 and CR-430159. Relator has not opposed the motion. Respondent argues that this action in mandamus is, therefore, moot. We agree.
 {¶ 3} Relator has also failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679. In the "Affidavit of Indigency Verity" accompanying the complaint, Bailey avers "that I have read the contents of the aforegoing Writ of Mandamus, and further state that the same is true and correct to the best of my knowledge and or belief * * *." Bailey's averment does not specify the facts and is not sufficient to satisfy the requirement of Loc.App.R. 45(B)(1)(a) that the affidavit supporting the complaint specify the details of the claim. "The absence of facts specifying the details of the claim required by Loc.App.R. 45(B)(1)(a) is a ground for dismissal." State ex rel. Sansom v. Wilkinson, Cuyahoga App. No. 80743, 2002-Ohio-1385, at 7.
 {¶ 4} Accordingly, respondent's motion for summary judgment is granted. Respondent judge to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
Sweeney, P.J., Rocco, J., concur.