ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On February 13, 2006, the relator, Jonathan Madorsky, commenced this mandamus/procedendo action against the respondent, Judge A. Deane Buchanan, to compel the judge to approve and settle Madorsky's statement of evidence under App.R. 9(C) in the underlying case, Madorsky v. Radiant Telecom, Inc., Cleveland Heights Municipal Court Case No. CVE 0400422 and Cuyahoga County Court of Appeals Case No. 87231. On May 11, 2006, the judge moved for leave to file a motion to dismiss. On June 1, 2006, this court granted the motion for leave and ordered Madorsky to respond to the motion to dismiss by June 12, 2006. On that day Madorsky filed his brief in opposition. For the following reasons, this court denies the judge's motion to dismiss, grants the writ of mandamus and orders the judge to settle and approve Madorsky's App.R. 9(C) statement.
 {¶ 2} In the underlying case Madorsky, pursuant to the Telephone Consumer Protection Act of 1991,47 U.S.C. Section 227(b), sued Radiant Telecom, Inc. for sending unsolicited faxes to him. At the default judgment hearing in which Madorsky presented his case, Judge Buchanan ruled that Madorsky had not obtained service and that he had failed to prove by a preponderance of the evidence that Radiant Telecom had sent him unsolicited faxes. Accordingly, Judge Buchanan entered judgment in favor of Radiant Telecom. Madorsky commenced his appeal with a poverty affidavit and to complete the record submitted a short proposed App.R. 9(C) statement which added a few items not covered in Judge Buchanan's opinion.
 {¶ 3} In his motion to dismiss this writ action, Judge Buchanan argues that a complete transcript is available. Because an App.R. 9(C) statement of evidence is conditioned upon there being no report of the evidence or proceedings ever made or if a transcript is unavailable, Madorsky may not submit a statement of evidence; rather he must submit a full transcript. Thus, Judge Buchanan concludes that Madorsky has no right to an App.R. 9(C) statement and that the judge has no duty to settle and approve such statement.
 {¶ 4} However, as Madorsky argues, the Supreme Court of Ohio in State ex rel. Motley v. Capers (1986), 23 Ohio St.3d 56, 58,491 N.E.2d 311, ruled "that a transcript is unavailable for purposes of App.R. 9(C) to an indigent appellant unable to bear the cost of providing a transcript." The Tenth District Court of Appeals has affirmed this principle, holding "[i]t is well-settled that a transcript is unavailable for the purposes of App.R. 9(C) to an indigent appellant who is unable to bear the cost of providing a transcript." Metcalf v. Ohio Dept. ofRehabilitation and Correction (Sept. 20, 2001), Franklin App. Nos. 01 AP-292 and 01 AP-293, slip at pg. 4; Murphy v. Ohio Dept.of Rehabilitation and Correction (Nov. 18, 1993), Franklin App. No. 93AP-521. See, also, Covey v. Natural Foods, Inc., Lucas App. No. L-03-1111, 2004-Ohio-1336. Madorsky also submitted a poverty affidavit with this writ action, and this court accepted that affidavit in lieu of costs. Accordingly, Judge Buchanan's motion to dismiss is not well taken.
 {¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Although mandamus should be used with caution, the court has discretion in issuing it. In State exrel. Pressley v. Indus. Comm. of Ohio (1967), 11 Ohio St.2d 141,28 N.E.2d 631, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless."11 Ohio St.2d at 161-162. See, also, State ex rel. Bennett v. Lime (1978),55 Ohio St.2d 62, 378 N.E.2d 152; State ex rel. Dollison v. Reddy
(1978), 55 Ohio St.2d 59, 378 N.E.2d 150; and State ex rel.Mettler v. Commrs. of Athens Cty. (1941), 139 Ohio St. 86,38 N.E.2d 393.
 {¶ 6} In the case sub judice Madorsky has the right to use an App.R. 9(C) statement because of his indigence. When an App.R. 9(C) statement of evidence is properly presented to a trial court, that court has the duty to settle and approve it. Moreover, Madorsky's statement of evidence is short, and further disputing the need for the statement or the proper type of record, further delays the underlying appeal. Accordingly, this court grants the writ of mandamus and orders the respondent judge to settle and approve the App.R. 9(C) statement of evidence within three weeks of this journal entry. Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Dyke, A.J., not participating Kilbane, J., concurs.