ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator requests that this court compel respondent judge to rule on his motion to withdraw guilty plea filed on January 20, 2005 and his motion to strike brief in opposition and proceed to judgment filed on November 14, 2005 in State v.Williams, Cuyahoga County Court of Common Pleas Case No. CR-424789.
 {¶ 2} Respondent has filed a motion to dismiss, attached to which is a copy of a journal entry issued by respondent and received for filing by the clerk on March 6, 2006, in which respondent denies the motion to withdraw guilty plea and denies as moot the motion to strike brief and proceed to judgment. Relator has not opposed the motion. Respondent argues that this action in mandamus is, therefore, moot. We agree. See State exrel. Foster v. Berea Mun. Court, Cuyahoga App. No. 85495,2005-Ohio-1200.
 {¶ 3} Although Williams has attached to the complaint both an "Affidavit of Verity" and "Affidavit of Indigency," neither affidavit is sufficient. Williams' "Affidavit of Verity" merely states that the averments in the complaint are "true and correct to the best of my knowledge, belief and recollection." This affidavit does not comply with Loc.App.R. 45(B)(1)(a) which requires that the affidavit in support of the complaint must specify the details of the claim. State ex rel Bailey v.Mannen, Cuyahoga App. No. 86757, 2005-Ohio-6236, at ¶ 3.
 {¶ 4} "* * * Additionally, relator `did not file an R.C.2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.' State ex rel. Hunter v. Cuyahoga Cty. Court of CommonPleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420."
 {¶ 5} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C. 2969.25(A). We deny his claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State exrel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6.
 {¶ 6} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
Ann Dyke, A.J., concurs James J. Sweeney, J., concurs