JOURNAL ENTRY AND OPINION.
{¶ 1} On January 5, 2007, the relator, Lang Dunbar, commenced this mandamus action against the respondents, Judge Shirley Strickland Saffold and Sheriff Gerald McFaul, to compel the respondents to accord him all the jail time credit to which he is entitled. On January 25, 2007, the respondents, through the Cuyahoga County Prosecutor, moved for an extension of time to file a response to Dunbar's complaint; this court granted that extension to February 28, 2007. On that date the respondents moved for another extension of time, and on March 2, Dunbar filed a brief in opposition. For the following reasons, this court denies the motion for extension of time and grants the writ of mandamus.
 {¶ 2} It is alleged that in early November 2004, Dunbar beat his fiancee and then kept her secluded for awhile. In late 2004, he pleaded guilty to a domestic violence charge in Cleveland Municipal Court and was sentenced to 180 days in the Cleveland Workhouse. The Grand Jury in January 2005, in the underlying case, State v. Lang Dunbar, Cuyahoga County Common Pleas Court Criminal Case No. CR-460794, indicted him on three counts of abduction and one count of domestic violence. On June 13, 2005, Dunbar pleaded guilty to one count of abduction, and the other counts were nolled. The respondent judge sentenced him to two years. She granted him jail time credit, but did not specify the number of days to which he was entitled; rather, she stated "sheriff to calculate." *Page 4 
 {¶ 3} Dunbar admits that he has been credited with 104 days of jail time credit, which places his release date at April 6, 2007. However, he insists that he is entitled to an additional 113 days. If this time is granted, he would be immediately released.
 {¶ 4} To secure that additional time he has filed, since September 2005, four motions for jail time credit. For each of those motions, the respondent judge has not stated a specific number of days of jail time credit; rather, she has ordered the sheriff to calculate. Dunbar then filed this mandamus action.
 {¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Although mandamus should be used with caution, the court has discretion in issuing it. In State ex rel.Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141,28 N.E.2d 631, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court *Page 5 
should consider "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case." 11 Ohio St.2d at 161-162. State ex rel. Bennett v.Lime (1978), 55 Ohio St.2d 62, 378 N.E.2d 152; State ex rel.Dollison v. Reddy (1978), 55 Ohio St.2d 59, 378 N.E.2d 150; andState ex rel. Mettler v. Commissioners of Athens County (1941),139 Ohio St. 86, 38 N.E.2d 393.
 {¶ 6} A defendant who is imprisoned is entitled by law to have credited to his sentence of incarceration the number of days that he was confined prior to conviction and sentence. R.C. 2949.08 and 2949.12. In addition a trial court possesses the clear legal duty to specify in the record of conviction and sentence the number of days a person was confined prior to conviction; this must be stated in a journal entry.State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567,589 N.E.2d 113; State ex rel Johnson v. O'Donnell (Oct 4, 1994), Cuyahoga App. No. 67783; State ex rel. Andrews v. Corrigan (Oct. 11, 1991), Cuyahoga App. No. 62253; State ex rel. Summers v. Saffold, Cuyahoga App. No. 82546, 2003-Ohio-3542; State ex rel. Leslie v. Angelotta (Aug. 30, 1995), Cuyahoga App. No. 69329; and State ex rel. Montgomery v. Jones (Nov. 25, 1998), Cuyahoga App. No. 75161.
 {¶ 7} Given the respondent's clear legal duty to state the number of jail time credit days in a journal entry, the relator's clear legal right to jail time credit, the respondent's repeated failure to fulfill that duty, and the near expiration of sentence, this court in the exercise of its discretion grants the application for a writ of *Page 6 
mandamus and directs the respondent judge to fulfill her duty by stating in a journal entry the number of days of jail time credit to which Dunbar is entitled. This order does not control the judge's discretion to determine the proper number of days, and there is no duty on behalf of the sheriff to determine those days. Respondent judge to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
ANN DYKE, JUDGE
 SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1