JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Relators, K.V. Gopalakrishna, M.D. and Infectious Disease Consultants, Inc., are defendants in Peffer, et al. v. Cleveland ClinicFound., et al., Cuyahoga County Court of Common Pleas Case No. CV-496855, which has been assigned to respondent judge. Relators counsel, Joseph A. Farchione, is also trial counsel for a case pending in Connecticut. Relators aver that the trial in the Connecticut case has been delayed and Farchione will be in trial in Connecticut when the Peffer matter is scheduled to begin on June 6, 2007.
 {¶ 2} On April 27, 2007, relators filed a "notice of potential trial conflict and motion to continue trial." On April 30, 2007, respondent denied that motion. On May 7, relators sought reconsideration of that ruling and, on May 9, respondent denied the motion to reconsider.
 {¶ 3} Relators request that this court compel respondent judge "to immediately enter an Order granting the Notice of Trial Conflict and Motion to Continue Trial of Relators" in Peffer. Complaint, ad damnum clause. For the reasons stated below, we dismiss this action.
 {¶ 4} It is well-established that "[t]he determination whether to grant a continuance is entrusted to the broad discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65, 21 O.O.3d 41,423 N.E.2d 1078, syllabus." State v. Conway, 108 Ohio St.3d 214, 2006-Ohio-791,842 N.E.2d 996, at ¶ 147. Of course, mandamus "may not control judicial discretion, even if that discretion is grossly *Page 4 
abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914." State ex rel. Madorsky v. Buchanan, Cuyahoga App. No. 87753, 2006-Ohio-3682, at ¶ 5. See also R.C. 2731.03. Relators have not provided this court with any controlling authority requiring that this court grant relief in mandamus. Whether a trial court has abused its discretion is, however, an appropriate consideration in an appeal.
 {¶ 5} We also note that the affidavit filed in support of the complaint by relators' counsel merely states that he is their counsel inPeffer and that "the information contained [in the complaint in mandamus] is true and correct to the best of my knowledge." Farchione Affidavit, ¶ 4. "This affidavit does not comply with Loc.App.R. 45(B)(1)(a) which requires that the affidavit in support of the complaint must specify the details of the claim. State ex rel Bailey v.Mannen, Cuyahoga App. No. 86757, 2005 Ohio 6236, at P3." State ex rel.Williams v. Saffold, Cuyahoga App. No. 87809, 2006-Ohio-4374, at ¶ 3.
 {¶ 6} Accordingly, we dismiss relators' complaint sua sponte. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
FRANK D. CELEBREZZE, JR., A.J., and *Page 5 
ANN DYKE, J., CONCUR.