JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appeallant, Lang Dunbar, appeals the March 19, 2007 judgment of the Cuyahoga County Court of Common Pleas, granting him zero days of jail time credit. After review, we dismiss the appeal.
 {¶ 2} On January 5, 2007, Dunbar filed a writ of mandamus against a Cuyahoga County Common Pleas Court judge and the Cuyahoga County sheriff, requesting that they grant him jail time credit. This court, inState v. Dunbar, 8th *Page 3 
Dist. No. 89260, 2007-Ohio-1143, ("Dunbar I") granted his writ of mandamus and in the March 12, 2007 decision, we specifically directed the trial court as follows: "to fulfill [its] duty by stating in a journal entry the number of days of jail time credit to which Dunbar is entitled. This order does not control the judge's discretion to determine the proper number of days, and there is no duty on behalf of the sheriff to determine those days." Id. at _7. In response, by journal entry dated March 19, 2007, the trial court granted Dunbar zero days of jail time credit.
 {¶ 3} It is from this judgment that Dunbar appeals raising as his sole assignment of error:
 {¶ 4} "[He] was deprived of his liberty without due process of law, where the trial court erroneously denied jail time credit to which he was entitled[.]"
 {¶ 5} In Dunbar I, this court explained, "[i]n late, 2004, [Dunbar] pleaded guilty to a domestic violence charge in Cleveland Municipal Court and was sentenced to [one hundred and eighty] days in the Cleveland Workhouse. The [Cuyahoga County] Grand Jury in January 2005, in the underlying case, * * * indicted him on three counts of abduction and one count of domestic violence. On June 13, 2005, Dunbar pleaded guilty to one count of abduction, and the other counts were nolled. The [trial court] sentenced him to two years [in prison]. [The trial court] granted him jail credit, but did not specify the number of days to which he was entitled; rather, [the court] stated `sheriff to calculate.'" Id. at _2. *Page 4 
 {¶ 6} Dunbar admits that he has been credited with one hundred and four days of jail time credit for time spent in the county jail. However, he insists that he is entitled to an additional one hundred and thirteen days of jail credit for time spent in the city jail because, "the County charges of abduction and domestic violence arose from the same incident — in fact they were taken from the same complaint — as the municipal domestic violence case."[1] The state agrees that Dunbar is entitled to additional credit for the time he served in the city jail since that conviction arises from the same offense as the common pleas court conviction. See, State v. Dawn (1975), 45 Ohio App.2d 43.
 {¶ 7} According to R.C. 2967.191, jail time credit is appropriate when "* * * the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *."
 {¶ 8} However, in response to Dunbar's direct appeal, this court on June 28, 2007, in State v. Dunbar, 8th Dist. No. 87371, 2007-Ohio-3261, ("Dunbar II") vacated his conviction and reversed and remanded the case to the common pleas court.
 {¶ 9} Although procedurally different in part, we are persuaded byState v. Bradley, 2nd Dist. No. 02CA35, 2003-Ohio-4707. InBradley, the trial court *Page 5 
sentenced the defendant to prison and he filed a motion for jail time credit, which the trial court denied. Id. at _5. The defendant then appealed the denial of his motion. Id. During the appeal, the appellate court reversed and remanded his underlying case for resentencing. Id. at _4. The trial court resentenced him to community control sanctions. Id.
 {¶ 10} The Second District concluded, "there is no issue concerning jail time credit that can be determined at this time, either by the trial court or by this court. In other words, the issue [d]efendant raises in this appeal is not ripe for judicial review at this time." Id. at _8. The court further stated, "[t]he appropriate time to raise that issue is when, and if, the trial court reimposes a sentence of imprisonment * * *." Id.
 {¶ 11} We are also persuaded by Workman v. Cardwell (Dec. 8, 1972),471 F.2d 909, where the defendant filed a cross-appeal for jail time credit. The Sixth Circuit Court of Appeals affirmed the granting of his writ of habeas corpus. Id. at 3. However, in regard to the jail time credit, the appellate court, "deemed it advisable to defer resolution of this issue until it is squarely presented to this Court." Id. at 6. The court stated that it would review the defendant's jail time credit claim "should he be retried and again convicted." Id.
 {¶ 12} This court has consistently held that if a case is not ripe for review, it cannot be a final appealable order under R.C. 2505.02.[2]Pustia v. Pustia (July 31, *Page 6 
1997), 8th Dist. No. 71194, 1997 Ohio App. LEXIS 3391, at 5; State v.Spisak (Apr. 13, 1995), 8th Dist. No. 67229, 1995 Ohio App. LEXIS 1567, at 10; Mayfield Hts. v. Flanigan (Nov. 18, 1993), 8th Dist. No. 64131, 1993 Ohio App. LEXIS 5567, at 9; Hamilton v. Ohio Sav. Assn. (Mar. 29, 1990), 1990 Ohio App. LEXIS 1295, at 21. If an order is not a final order, then the appellate court lacks subject matter jurisdiction to review the matter and the appeal must be dismissed. State v.Lemaster, 4th Dist. No. 02CA20, 2003-Ohio-4557, at _13, citing,Davison v. Rini (1996), 115 Ohio App.3d 688, 692.
 {¶ 13} In this case, Dunbar's conviction in the common pleas court was vacated by our decision in Dunbar II and it remains pending on the trial court's active docket. Thus, this court cannot determine jail time credit because the issue is not ripe for review, and hence, there is not a final appealable order. Dunbar may raise this issue again if he is convicted and the trial court reimposes a sentence of imprisonment.
 {¶ 14} Thus, Dunbar's assignment of error is not well taken.
Appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, P.J., and ANN DYKE, J., CONCUR.
[1] We note that there is no evidence in the record on appeal, as to the amount of days Dunbar was incarcerated in the city jail. Dunbar merely handwrote, on his motion for jail time credit, the days he claims he was in the city jail.
[2] R.C. 2505.02(B)(1) states in pertinent part, "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" *Page 1