JOURNAL ENTRY AND OPINION
{¶ 1} On November 10, 2008, the relator, Daniel Jones, commenced this mandamus action against the respondent, Judge Richard McMonagle, to compel the judge to grant him 63 days of jail time credit in the underlying cases, State of Ohio v. Daniel Jones, Cuyahoga County Common Pleas Court Case Nos. CR-506943 and CR-510124. The respondent judge moved to dismiss on November 25, 2008, and Jones filed a brief in opposition on December 10, 2008. For the following reasons, this court grants the judge's motion to dismiss in part and denies it in part and grants the writ of mandamus in part and denies it in part. *Page 3 
 {¶ 2} In Case No. CR-506943 on May 22, 2008, after Jones had pleaded guilty to domestic violence, the judge sentenced him to two years in prison to run concurrent to the sentence in CR-510124. However, the court never stated the number of jail time credit days to which Jones was entitled; rather the journal entry stated: "Jail credit days to date to be calculated by the sheriff." On August 11, 2008, Jones filed a motion for jail time credit, which the respondent judge summarily denied on August 15, 2008.
 {¶ 3} In Case No. CR-510124 on May 22, 2008, Jones pleaded guilty to attempted felonious assault, domestic violence, and assault on a peace officer. The judge sentenced him to two years on each of the attempted felonious assault and the domestic violence charges and to time served for the assault on the peace officer. Again, the journal entry stated: "Jail credit days to date to be calculated by the sheriff." Jones then asked for jail time credit in Case No. CR-510124, as part of his August 11, 2008 motion. The judge denied that motion in this case on August 15, 2008.
 {¶ 4} After Jones had filed the present mandamus action, the trial judge issued the following order in Case No. CR-510124: "In response to writ of mandamus filed by defendant, court orders that the defendant receive an additional 15 days jail-time credit for a total of 42 days, inasmuch as the defendant was on bond in CR 506934 (sic). Clerk ordered to send a copy of this order to: Department *Page 4 
of Rehabilitation and Correction." There have been no further entries on jail time credit in Case No. 506943.
 {¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Although mandamus should be used with caution, the court has discretion in issuing it. In State ex rel.Pressley v. Indus. Comm. of Ohio (1967), 11 Ohio St.2d 141,28 N.E.2d 631, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. *** Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the *Page 5 
performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless." 11 Ohio St.2d at 161-162. State ex rel. Bennett v. Lime
(1978), 55 Ohio St.2d 62, 378 N.E.2d 152; State ex rel. Dollison v.Reddy (1978), 55 Ohio St.2d 59, 378 N.E.2d 150; and State ex rel.Mettler v. Commrs. of Athens Cty. (1941), 139 Ohio St. 86,38 N.E.2d 393.
 {¶ 6} A defendant, that is imprisoned, is entitled by law to have credited to his sentence of incarceration the number of days that he was confined prior to conviction and sentence. R.C. 2949.08; R.C. 2949.12; R.C. 2967.191; and State ex rel. Sanchez v. Cuyahoga Cty. Common PleasCourt (May 22, 1997), Cuyahoga App. No. 72085. In addition a trial court has the clear legal duty to specify in the record of conviction and sentence the number of days a defendant was confined prior to conviction. Ohio Adm. Code 5120-2-04(B); State ex rel. Rankin v. OhioAdult Parole Authority, 98 Ohio St.3d 476, 2003-Ohio-2061,786 N.E.2d 1286; and State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567,589 N.E.2d 113. Moreover, summary denial of a motion for jail time credit, without specifying the number of days due as jail time credit does not fulfill the trial court's legal duty. Sanchez; State ex rel. Wright v.Court of Common Pleas (Nov. 6, 1995), Cuyahoga App. No. 69200; State exrel. Goolsby v. Cleary (Aug. 14, 1995), Cuyahoga App. No. 69119; andState ex rel. Spruce v. Cleary (Aug. 17, 1995), Cuyahoga App. No. 69047.
 {¶ 7} In the present case the trial court did specify the number of jail time credit days for Case No. CR-510124, but it has never fulfilled its duty in Case *Page 6 
No. CR-506943. Accordingly, to the extent that Jones' mandamus action seeks to compel the respondent judge to state the number of jail time credit days for Case No CR-510124, his application for a writ of mandamus is denied. The judge has fulfilled his duty in that case. However, this court, in the exercise of its discretion, issues the writ of mandamus in Case No. CR-506943 and orders the respondent judge to state in a journal entry the number of jail time credit days Daniel Jones is entitled to in Case No. CR-506943. Each side to bear its own costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR. *Page 1