ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On October 20, 2005, the petitioner, David Rodriguez, commenced this mandamus action against the respondent, Judge Mary Jane Boyle, to compel the judge to have him conveyed to the Cuyahoga Common Pleas Court for resentencing in the underlying case, State v. David Rodriguez, Cuyahoga County Common Pleas Court Case No. CR-386140. On December 6, 2005, the judge, through the Cuyahoga County Prosecutor, moved to dismiss on the grounds of mootness. Rodriguez never filed a response. For the following reasons, this court grants the judge's dispositive motion.
 {¶ 2} In the underlying case, Rodriguez pled guilty to rape, kidnapping with sexual motive and sexually violent predator specifications, and aggravated burglary. The trial court sentenced him to a mandatory life sentence for rape, to be served consecutively to a ten-years-to-life sentence for kidnapping and ten years for aggravated burglary, to be served concurrently with the other counts.
 {¶ 3} On appeal, State v. Rodriguez, Cuyahoga App. No. 80610, 2003-Ohio-1334, this court affirmed the conviction, but vacated the sentence and remanded for resentencing because the trial court gave insufficient reasons pursuant to the sentencing statutes for imposing maximum and consecutive sentences. Upon remand, Rodriguez moved to vacate his guilty plea. The judge set this matter for hearing and eventually granted the motion. The State appealed. In State v. Rodriguez, Cuyahoga App. No. 84161,2004-Ohio-6010, this court reversed the judge's granting of the motion to vacate the guilty plea, reinstated the guilty plea, and remanded the case to the trial court. Rodriguez endeavored to appeal to the Supreme Court of Ohio, but that court rejected his appeal in April 2005.
 {¶ 4} On April 27, 2005, the trial court entered the following order: "By order of the court of appeals and the 11-10-04 opinion, the defendant's conviction is reinstated and court orders original execution of sentence imposed. Count 1 2907.02 Rape F-1 mandatory life with eligibility of parole after 10 years. Count 2 2905.01 kidnapping with sex motive and svp F-1 10 years to life consecutive to Count 1. Count 4 2911.11 aggravated burglary F-1 10 years concurrent to counts 1 and 2. Defendant to serve 20 years before consideration for parole. Defendant automatically remains classified as a sexual predator. It is so ordered." Rodriguez then commenced this mandamus action to compel conveyance to the trial court for resentencing.
 {¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggettv. Gessaman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and Stateex rel. Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. TommieJerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath, 78 Ohio St.3d 45,1997-Ohio-245, 676 N.E.2d 108, and State ex rel. BoardwalkShopping Center, Inc. v. Court of Appeals for Cuyahoga County
(1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeCommission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State exrel. Connole v. Cleveland Board of Education (1993),87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-OakwoodPress v. Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 6} Additionally, the court has discretion in issuing the writ. In State ex rel. Pressley v. Industrial Commission ofOhio (1967), 11 Ohio St.2d 141, 28 N.E.2d 631, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless." 11 Ohio St.2d at 161-162. State ex rel.Bennett v. Lime (1978), 55 Ohio St.2d 62, 378 N.E.2d 152; Stateex rel. Dollison v. Reddy (1978), 55 Ohio St.2d 59,378 N.E.2d 150; and State ex rel. Mettler v. Commissioners of AthensCounty (1941), 139 Ohio St. 86, 38 N.E.2d 393.
 {¶ 7} In the present case, mandamus does not lie because Rodriquez has or had an adequate remedy at law through the appeal of the April 27, 2005 journal entry reimposing his sentence. This remedy includes seeking a delayed appeal through App.R. 5. This journal entry was a final, appealable order, and appeal would allow this court to review any inadequacy in the sentencing upon a full record, rather than merely examining the docket in the underlying case.
 {¶ 8} Accordingly, this court grants the judge's dispositive motion and denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Cooney, P.J., concurs Karpinski, J., concurs.