OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, Judge Paul H. Mitrovich of the Lake County Court of Common Pleas. As the primary basis for his motion, respondent maintains that the petition of relator, Russell E. Appenzeller, fails to state a viable claim for a writ because his factual allegations support the conclusion that there is an alternative legal remedy he could pursue to resolve the underlying dispute. For the following reasons, we hold *Page 2 
that the motion to dismiss is well-taken.
 {¶ 2} The subject matter of this action pertains to the propriety of the procedure which respondent followed in ruling upon a pending motion in a proceeding before him. According to relator, he was the defendant in a criminal case which went to trial before a jury in September 2006. After relator had been found guilty of all pending charges, he moved for a new trial under Crim.R. 33, arguing that respondent had erred by failing to grant a mistrial during the proceeding. Specifically, he contended that the trial should not have gone forward once he had had certain verbal disagreements with his original trial counsel.
 {¶ 3} After considering the "new trial" motion without benefit of an oral hearing, respondent issued a written judgment in October 2006, in which he expressly denied the motion. As the basis for his determination, respondent concluded that any error in the trial had been "invited" by relator due to his own decision to have the verbal confrontation with his trial counsel. Approximately two weeks later, respondent released his final judgment in the criminal proceeding, in which he ordered relator to serve an aggregate term of twenty-eight years on the underlying eighteen charges.
 {¶ 4} In bringing the instant action in mandamus, relator asserts in his petition that respondent abused his discretion in rendering a ruling upon his request for a new trial without first conducting an oral hearing on the matter. Specifically, he maintains that, since the disposition of his motion would have been different if a hearing had been held, respondent's actions resulted in a violation of his due process rights. For his relief under his sole claim, relator seeks the issuance of an order which essentially would require respondent to vacate his prior judgment on the motion and go forward with the *Page 3 
requested hearing.
 {¶ 5} As a general proposition, a writ of mandamus will lie only when it can be demonstrated that: (1) the relator has a clear legal right to the performance of a specific act; (2) the respondent, i.e., the public official, has a clear legal duty to complete the act; and (3) there is no alternative legal remedy the relator could pursue to obtain the same relief. State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440, 441. In regard to the last of the foregoing three elements, this court has concluded that the existence of a defendant's right to appeal the final judgment in a criminal action bars the issuance of a writ of mandamus because a direct appeal constitutes an adequate remedy at law. SeeCunningham v. Lucci, 11th Dist. No. 2006-L-052, 2006-Ohio-4666, at ¶ 12. In other words, it has been consistently held under Ohio law that a mandamus action cannot be employed as a substitute for a direct appeal. See, e.g., State ex rel., Drake v. Friedland (May 27, 1999), 8th Dist. Nos. 76029 and 76131, 1999 Ohio App. LEXIS 2411, at *4.
 {¶ 6} In light of this basic precedent, it has been further held that the writ will not lie as a means of correcting errors and procedural irregularities in a criminal proceeding. State ex rel. Sims v.Griffin (Nov. 20, 2001), 8th Dist. No. 79029, 2001 Ohio App. LEXIS 5191, at *4. This court has stated the foregoing proposition in this manner: "It therefore follows that a criminal defendant may not use a mandamus action to contest decisions that could be challenged on direct or delayed appeal." Cunningham, 2006-Ohio-4666, at ¶ 12.
 {¶ 7} In State ex rel. Rodriguez v. Boyle, 8th Dist. No. 87188,2006-Ohio-3494, the trial judge's decision to allow the defendant to withdraw his guilty plea was reversed on appeal, and the action was remanded to the trial judge for resentencing under his *Page 4 
original conviction. Instead of scheduling a new sentencing proceeding, the trial judge simply issued a new judgment which re-imposed the sentence that the defendant had been serving before he had moved to withdraw his plea. In response, the defendant filed a mandamus action before the Eighth Appellate District, seeking a writ to compel the trial judge to convey him from the state prison so that a new sentencing hearing could be conducted. In subsequently denying the writ, the appellate court held that the defendant could not satisfy every element for the writ because he had an adequate remedy through an appeal of the new sentencing judgment. In essence, the Rodriquez court concluded that any dispute as to the legal propriety of the procedure followed by the trial judge could only be contested in a direct appeal.
 {¶ 8} In the instant action, relator's own allegations establish that he was given the opportunity to submit a written motion which set forth the grounds for his request for a new trial. Furthermore, his motion was reviewed by the trial judge who had presided over his criminal trial and was familiar with the various events which had taken place during that proceeding. Under such circumstances, it cannot be said that relator was denied all due process in regard to the disposition of his motion. Therefore, even if it is assumed for the sake of this limited analysis that an oral hearing should have been held on relator's motion, such an error would only be a procedural irregularity which can be challenged in an appeal from the sentencing judgment. As to the latter point, we would note that relator further alleges in his petition that he has filed a direct appeal from his ultimate conviction; thus, relator has already taken advantage of his adequate remedy at law.
 {¶ 9} In applying Civ.R. 12(B)(6), this court has stated that a mandamus petition *Page 5 
will be subject to dismissal for failing to set forth a viable claim when the nature of the factual allegations are such that, even if those allegations are construed in a manner most favorable to the relator, they still establish beyond doubt that he will not be able to prove a set of facts under which he would be entitled to the writ. State ex rel.Duffy v. Pittman, 11th Dist. No. 2006-P-0043, 2007-Ohio-346, at ¶ 15. In light of the foregoing discussion, this court concludes that relator's allegations in the instant matter are not sufficient to satisfy the aforementioned standard. That is, his allegations establish that he will never be able to demonstrate the third element for a writ because he has an adequate legal remedy through the pending direct appeal from his conviction. If respondent was actually obligated to conduct an oral hearing on the motion for new trial, this court would be able to accord relator full relief by remanding the case for further proceedings at the conclusion of the appeal.
 {¶ 10} Consistent with the foregoing analysis, respondent's motion to dismiss the mandamus petition under Civ.R. 12(B)(6) is granted. It is the order of this court that relator's entire mandamus petition is hereby dismissed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur. *Page 1