[Cite as *State ex rel. Andrews v. Chardon Police Dept.*, 2013-Ohio-338.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. JOHN MARK ANDREWS, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2012-G-3074** |
| | : | |
| - vs - | : | |
| | : | |
| CHARDON POLICE DEPARTMENT, et al., | : | |
| | : | |
| Respondents. | : | |

Original Action for Writ of Mandamus.

Judgment: Writ denied.

*John Mark Andrews*, pro se, 120 Court Street, Chardon, OH 44024 (Relator).

*James M. Gillette*, Chardon Village Law Director, National City Bank Building, 117 South Street, Suite 208, Chardon, OH 44024 (For Respondent, Chardon Police Department).

*David P. Joyce*, Geauga County Prosecutor, and *Bridey Matheney*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Respondent, Geauga County Sheriff's Office).

PER CURIAM.

{¶1} This action in mandamus is before this court for final disposition of the respective summary judgment motions of respondents, Chardon Police Department and Geauga County Sheriff's Office. As the basis for the motions, respondents maintain that relator, John Mark Andrews, is not entitled to a writ of mandamus because they

have no obligation to satisfy his public records requests. Respondents explain that those records not subject to exemption which actually exist have already been released to relator. After a review of the evidentiary materials attached to both motions, and as fully set forth below, we find summary judgment to be warranted under the facts of this action.

{¶2} On May 1, 2012, relator filed a pro se petition for writ of mandamus alleging that his requests for non-exempt public records were denied by respondents, in violation of his statutory right to have access to public records under R.C. 149.43. Relator subsequently reasserted these claims before this court in his "motion for immediate consideration for order of mandamus."

{¶3} The public records sought by relator relate to his arrest, which ultimately led to charges of felonious assault and having weapons while under disability. As a parenthetical note, we take notice that relator subsequently defended himself against these charges acting pro se and, following a jury trial, was acquitted. The request explains that on April 4, 2012, relator allegedly committed the crimes of felonious assault and domestic violence within the city of Chardon. The records sought by relator are materials relating to the incident, including police reports, audio recordings of police radio transmissions, and video of dashboard camera recordings from April 2 and 3, 2012, as well as police procedures and officer records.

{¶4} Specifically, the request sought the following: (1) "any/all police reports, witness statements, including the personal notes of the officers/deputies who editorialized and transcribed it into typewritten complaint/reports"; (2) "the names of any/all officers/deputies involving in responding, investigating, arresting/apprehending

2

me, and processing/booking me in upon arrest, including the name(s) of City/County Dispatchers on 4/2/12 till 4/3/12"; (3) "a copy of the actual Geauga County Sheriff Dept. Dispatch audio recordings of the police radio transmissions concerning the alleged incident * * *"; (4) "a copy of the actual video/audio recordings of all unknown officers/deputies walkie-talkie radios of the entire alleged incident/crime on 4/2/12 and 4/3/12 * * *"; (5) "a copy of the actual video/audio recordings from the officers and deputies dashboard cams and video/audio recording from within the patrol/police cars of any/all officers/deputies involved, and of my entire apprehension of me from vehicle, including the video/audio recordings of myself in back of patrol car until I am transported to the jail"; (6) "a copy of any/all Geauga Co. Sheriff Dept. policies/procedures regarding how officer/deputies are to process/obtain witness statements, collect evidence, fingerprinting evidence, conducting BAC Datamaster Tests * * *, processing complaints, and retaining/releasing videotapes and public records to the public"; (7) "a copy of any/all officers/deputies personal records regarding any/all of their training as a officer/deputy * * *" (sic throughout).

{¶5} Relator seeks a writ of mandamus to compel the release of this documentation. Respondents have filed respective summary judgment motions. The standard for summary judgment is well established. To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that: (1) there is no genuine issue of material fact to be resolved in the case; (2) final judgment as a matter of law is warranted; and (3) the nature of the evidentiary materials, even when viewed in a light most favorable to the non-moving party, are such

3

that a reasonable person could only reach a conclusion against the non-moving party. *State ex. rel. Dehler v. Spatny*, 11th Dist. No. 2009-T-0075, 2010-Ohio-3052, ¶26.

{¶6} We first turn to the summary judgment motion filed by Respondent Geauga County Sheriff's Office.

{¶7} The Geauga County Sheriff's Office ("the Sheriff") attached relator's request for public records to its summary judgment motion. It also attached the Sheriff's letter in response, with relator's address, noting it enclosed a CD-ROM of (1) the incident report; (2) the audio recordings of the incident; (3) a copy of the personnel files of the deputies that responded to the incident; and (4) a copy of the pertinent sections of the Sheriff's manual regarding certain policies and procedures. The letter explains all other requested documents do not exist. The final line of the letter states: "Please advise if, upon the receipt of these document[s] in fulfillment of your public records request, you will dismiss your mandamus action against the Sheriff's Office." It also attached an affidavit of Lt. John Hiscox, records custodian, who explained that he mailed the May 24, 2012 letter with the enclosed CD-ROM to relator; that the CD-ROM contained the documentation as set forth in the letter; and that the parcel was never returned for failure of service. Lt. Hiscox additionally averred that, other than the records provided to relator, no other requested public records exist in possession of the Sheriff's Office.

{¶8} In evaluating this motion, we must first address relator's contention that the affidavit of Lt. Hiscox is defective and should not be considered. As relator correctly points out, the affidavit does not bear a notary seal. However, the affidavit contains Lt. Hiscox's signature, the name of the notary public, the expiration date of the notary

4

public's commission, the signature of the notary public, and the date upon which the affiant's signature was witnessed. Further, we take notice that the notary public's commission is on file with the Ohio Secretary of State and has been recorded by the clerk of the Geauga County Common Pleas Court. As such, the missing seal does not render the affidavit defective in this case, as it can be readily ascertained that the sworn affidavit has been taken before the proper officer. *See Benedict v. Peters*, 58 Ohio St. 527, 536-537 (1898). Relator also contends the affidavit is defective because it lacks a sworn statement that, under penalty of perjury, the affidavit is truthful. However, the affidavit states that the affiant had been "first duly sworn and cautioned." Moreover, this court has previously noted that, under the Ohio Revised Code, "no particular form of an oath is necessary to create an affidavit." *Karkow v. Keefner*, 11th Dist. No. 96-T-5483, 1996 Ohio App. LEXIS 5792 (Dec. 20, 1996), citing R.C. 3.21. Thus, the affidavit is of proper evidentiary quality and may be considered.

{¶9} In construing these evidentiary materials in a light most favorable to relator, we determine no genuine issue of material fact remains to be litigated. The evidence illustrates that relator received copies of the non-exempt requested materials which existed after the mandamus case was filed; such "post-action disclosure" of records render relator's claims moot. *See generally State ex rel. Gannett Satellite Info. Network v. Shirey*, 78 Ohio St.3d 400, 401 (1997) ("provision of the requested records to the relator in a mandamus action brought under R.C. 149.43 renders the mandamus claim moot"). Even accepting relator's insistence that other materials exist (though he did not submit any evidentiary materials so suggesting), he is still not entitled to the extraordinary relief requested. The remainder of his request, such as the personal

5

notes or impressions of the officers who transcribed the police reports, is simply not in the purview of R.C. 149.43.

{¶10} We next turn to the summary judgment motion filed by Respondent Chardon Police Department.

{¶11} Chardon Police Department ("Chardon Police") attached relator's requests for public records to its summary judgment motion. It also attached its initial letter in response as well as a receipt, *signed by relator*, noting that he had received the following documents: (1) the requested written policies of the Chardon Police; (2) the operator permit for the BAC Datamaster; (3) the audio of the incident report; and (4) personnel files for six employees. Pursuant to R.C. 149.43, personal information of the law enforcement officers was withheld or redacted from the files. The Chardon Police also attached an itemized list of the documents within the files released to relator, the specifics of which are too exhaustive to detail in this opinion. Additional attachments include the affidavit of Sally Harmasek, records custodian, and James Gillette, Chardon city law director, who averred the contents of the material released to relator and further averred that the additional requested records did not exist.

{¶12} Relator does not attack these evidentiary materials in his motion to "strike and/or for objection" to Chardon Police's summary judgment motion. After a review of the evidentiary materials, we determine no genuine issue of material fact remains to be litigated. The affidavits, as well as a copy of the signed receipt of documents illustrate that those nonexempt materials which exist have already been released to relator.

{¶13} Accordingly, respondents' motions for summary judgment are granted. It is the order of this court that final judgment is hereby entered in favor of respondents as to relator's entire mandamus petition. All pending motions are overruled as moot.

TIMOTHY P. CANNON, P.J., CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.