[Cite as *State ex rel. Kirkpatrick v. Rice*, 2013-Ohio-3978.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| THE STATE OF OHIO ON THE RELATION OF JASON W. KIRKPATRICK, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2013-T-0004** |
| - vs - | : | |
| RONALD J. RICE, JUDGE, TRUMBULL COUNTY COURT OF COMMON PLEAS, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Jason W. Kirkpatrick*, pro se, PID: A562137, Marion Correctional Institution, P.O. Box 57, Marion, OH 43302 (Relator).

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Respondent).

PER CURIAM.

{¶1} This matter is before this court on the January 10, 2013 petition for a writ of mandamus filed by relator, Jason W. Kirkpatrick. Relator asked this court to compel Judge John M. Stuard to resentence him in Case No. 2007 CR 00905 to "valid community control sanctions."

**{¶2}** On January 14, 2013, this court issued an alternative writ and ordered Judge Stuard to respond with either an answer, a motion to dismiss pursuant to Civ.R. 12(B), or a Civ.R. 56 motion for summary judgment. In accordance with this court's order, the state filed a motion to dismiss on January 31, 2013. Relator filed a memorandum contra on February 21, 2013.

**{¶3}** Thereafter, on March 18, 2013, relator filed a motion to substitute Judge Stuard in this matter. Since relator's conviction, Judge Stuard retired from the bench on December 31, 2012, and passed away on February 7, 2013. Thus, this court granted relator's motion to substitute on April 5, 2013, and rendered moot the state's January 31, 2013 motion to dismiss on April 8, 2013. We note that after his retirement, Judge Stuard was replaced by another judge, the Honorable Ronald J. Rice, who is now a proper party to this action.

**{¶4}** A review of relator's mandamus petition shows that his claim for relief is predicated upon the following factual background:

**{¶5}** On December 26, 2007, relator was secretly indicted by a grand jury on 34 counts; 19 counts of breaking and entering, fifth degree felonies in violation of R.C. 2911.13(A) and (C); nine counts of grand theft, fourth degree felonies in violation of R.C. 2913.02(A)(1) and (B)(1)(2); five counts of vandalism, fifth degree felonies in violation of R.C. 2909.05(B)(1)(b) and (E); and one count of engaging in a pattern of corrupt activity, a second degree felony in violation of R.C. 2923.32(A)(1) and (B)(1). The indictment alleged that relator had broken into 19 separate Trumbull County businesses over a five-month span, from September 14, 2006 to January 26, 2007.

2

{¶6} Relator, who was represented by counsel, reached a plea agreement with the state, which the court accepted, pleading guilty to 16 of the 19 counts of breaking and entering, and the one count of engaging in a pattern of corrupt activity. The state entered and the court accepted a nolle prosequi on the remaining counts and the matter was referred for a presentence investigation ("PSI").

{¶7} The first sentencing hearing was held on September 18, 2008. The court reviewed the factors of R.C. 2929.11 and 2929.12, the report that the PSI "did not go well," and that relator had an extensive prison record, having already served a total of nine years for three separate felonies in the past. The state urged the maximum sentence be imposed. Relator's pastor, who was also in charge of Life Challenge, spoke on relator's behalf. Although the court was initially inclined to sentence relator to a two-year term of imprisonment, the court gave him the option to choose the two-year term of imprisonment, or five years of community control sanctions, which included successful completion of the 12-month Life Challenge program. Relator agreed that in the case of revocation he would serve nine years in prison.

{¶8} Relator was discharged from the program on October 18, 2008. As such, he was arrested and a resentencing/probation violation hearing was held on January 8, 2009. Following that hearing, the state urged the court to sentence relator to the original nine-year term of imprisonment the court and relator had agreed to if he violated his sentence of community control. The state asserted that although relator testified that he chose to leave Life Challenge because it was not what was initially explained to him, he was, in fact, terminated from the program for attempting to construct an electric shotgun and not getting along with others.

{¶9} The court then reviewed the original sentencing hearing, reiterating that relator was offered a two-year term of imprisonment or the five-year term of community control sanctions, which included the successful completion of the Life Challenge program, and that he would be sentenced to a nine-year term of imprisonment if he did not. Because relator failed to do as he agreed, the court imposed the nine-year sentence. Relator filed a timely appeal. *State v. Kirkpatrick*, 11th Dist. Trumbull No. 2009-T-0007, 2009-Ohio-6519. On December 11, 2009, this court vacated relator's sentence and remanded the matter to the trial court because relator was sentenced outside the range of imprisonment for a second degree felony.

{¶10} In accordance with this court's remand, the trial court held a third sentencing hearing on January 28, 2010, in which relator was sentenced anew. The court heard testimony from relator and arguments of his attorney detailing potentially mitigating factors of relator's bipolar disorder and the fact that he engaged in nonviolent crimes. Relator further argued that he did not construct an electric shot gun, a fact that was noted in the record as the reason why he was expelled from Life Challenge, but rather a simple hand buzzer.

{¶11} The trial court reminded relator of his original agreement to a nine-year sentence if he failed to complete the program and noted that he has been in prison three times in the past. The court then sentenced relator to an eight-year term of imprisonment on the count of engaging in a pattern of corrupt activity, to be served consecutively to one-year concurrent terms for each of the remaining counts of breaking and entering, for a total term of imprisonment of nine years. Relator filed a second appeal with this court. *State v. Kirkpatrick*, 11th Dist. Trumbull No. 2010-T-0025, 2010-

4

Ohio-6578. At no point in the second appeal did relator challenge his original sentence, which this court had vacated. After finding that relator had been properly sentenced, this court affirmed the judgment of the trial court on December 30, 2010.

{¶12} Thereafter, relator filed with this court a pro se application to reopen his direct appeal based on the purported error that his appellate counsel failed to challenge what he construed as a "void" sentence. This court denied relator's application for reopening on June 6, 2011. On October 17, 2011, relator then filed with the trial court a pro se motion to vacate void judgment and hold a new violation and/or sentencing hearing. The trial court denied that motion on February 7, 2012. However, relator did not appeal that denial. Rather, relator filed the instant petition for a writ of mandamus on January 10, 2013, requesting that Judge Rice, who replaced Judge Stuard, resentence him to "valid community control sanctions."

{¶13} R.C. 2731.01 states: "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

{¶14} "To be entitled to a writ of mandamus, the relator must be able to prove that: (1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a corresponding duty to perform that act; and (3) there is no other legal remedy that could be pursued to adequately resolve the matter." *State ex rel. Sanders v. Enlow*, 11th Dist. Portage No. 2010-P-0022, 2010-Ohio-5053, ¶14, citing *State ex rel. Appenzeller v. Mitrovich*, 11th Dist. Lake No. 2007-L-125, 2007-Ohio-6157, ¶5.

5

{¶15} "Dismissal of an original action is 'appropriate if after presuming the truth of all material factual allegations of (relators') petition and making all reasonable inferences in their favor, it appear(s) beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief (* * *).' *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573 at ¶14 * * * (citation omitted). 'Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' *Id.* (citation omitted); *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316 * * * (citations omitted)." *State ex rel. Cioffi v. Stuard*, 11th Dist. No. 2011-T-0083, 2011-Ohio-5707, ¶18. (Parallel citations omitted.)

{¶16} Upon consideration, this court concludes that even when the factual allegations in relator's petition are construed in a manner most favorable to him, he is unable to establish a set of facts under which he could satisfy any of the three elements for the writ. Thus, not only are his allegations legally insufficient to demonstrate that he has a "right" to another sentencing hearing, but they also readily show that he had an adequate legal remedy at law, which he failed to exercise in this instance.

{¶17} As stated, the trial court denied relator's motion to vacate void judgment and hold a new violation and/or sentencing hearing on February 7, 2012. However, relator failed to appeal that judgment. Instead, he raised the same issues in that motion that are presented to this court in the instant petition. We note that "it is not permissible for a defendant to employ a mandamus case as a substitute for an appeal when he has essentially ignored the appellate process." *State ex rel. Becar v. Culotta*, 11th Dist. Lake No. 2010-L-106, 2010-Ohio-6575, ¶13. Although this court has already dealt with

6

the "void sentence" argument in *State v. Kirkpatrick,* 11th Dist. Trumbull No. 2010-T-0025, 2010-Ohio-6578, and it appears as if there is no substantive difference in this resentencing in this matter, relator cannot find his remedy in this writ.

{¶18} Accordingly, it is the order of this court that relator's mandamus petition is hereby dismissed.

TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur.