[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kirkpatrick v. Rice,* Slip Opinion No. 2014-Ohio-3958.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3958

THE STATE EX REL. KIRKPATRICK, APPELLANT, *v.* RICE, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kirkpatrick v. Rice,* Slip Opinion No. 2014-Ohio-3958.]**

*Mandamus—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2013-1665—Submitted May 27, 2014—Decided September 17, 2014.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2013-T-0004, 2013-Ohio-3978.

_____

**Per Curiam.**

{¶ 1} Appellant, Jason Kirkpatrick, appeals the decision of the Eleventh District Court of Appeals dismissing his petition for a writ of mandamus. For the reasons set forth below, we affirm the judgment of the court of appeals.

*Background*

{¶ 2} In September 2008, Kirkpatrick was sentenced after pleading guilty to 16 counts of breaking and entering and one count of engaging in a pattern of corrupt activity. Trumbull County Common Pleas Court Judge John

Stuard sentenced Kirkpatrick to five years of community control, including the requirement that Kirkpatrick enter and successfully complete a program called "Teen Challenge" (sometimes also called "Life Challenge"). Judge Stuard warned that any violation of community control could result in the imposition of a nine-year prison term.

**{¶ 3}** On April 16, 2009, after Kirkpatrick admitted to violating the terms of his release, Judge Stuard sentenced him to a total prison term of nine years.

**{¶ 4}** Kirkpatrick appealed. The court of appeals held that Kirkpatrick's sentence for engaging in a pattern of corrupt activity exceeded the permissible two-to-eight year range for a second-degree felony and remanded the case for resentencing. 11th Dist. Trumbull No. 2009-T-0007, 2009-Ohio-6519.

**{¶ 5}** The trial court resentenced Kirkpatrick to a total prison term of nine years, with eight of the years attributed to the conviction for engaging in a pattern of corrupt activity. The court of appeals affirmed. 11th Dist. Trumbull No. 2010-T-0025, 2010-Ohio-6578.

*The mandamus complaint*

**{¶ 6}** On January 10, 2013, Kirkpatrick filed an original action seeking a writ of mandamus compelling Judge Stuard to resentence him. (Judge Stuard is no longer on the bench, and Judge Ronald J. Rice has been substituted as respondent.) Kirkpatrick's claims all arise out of alleged defects in the 2008 sentencing order.

**{¶ 7}** The court of appeals dismissed the petition on September 16, 2013, in large part because Kirkpatrick's allegations, even if true, were "legally insufficient to demonstrate that he has a 'right' to another sentencing hearing." 11th Dist. Trumbull No. 2013-T-0004, 2013-Ohio-3978, ¶ 16.

**{¶ 8}** Kirkpatrick timely appealed to this court, and the matter is now fully briefed.

*Legal analysis*

{¶ 9} Kirkpatrick argues that his first sentencing order is void, based on five defects:

{¶ 10} (1) "Teen Challenge" is a 12-month program, but the maximum residential sanction under the Ohio Revised Code is six months.

{¶ 11} (2) The "Teen Challenge" residential sanction is void because the sentencing entry did not specify the length of the term.

{¶ 12} (3) The trial court did not advise him of several of the community-control sanctions on the record during the first sentencing hearing.

{¶ 13} (4) The first sentencing order failed to separately state the basis of the nine-year "reserve" sentence to be imposed upon a violation of community-control release.

{¶ 14} (5) Because the nine-year year "reserve" sentence exceeded the maximum sentence permissible for a second-degree felony, he did not receive valid notice of the reserve sentence.

{¶ 15} Each of these contentions attacks the validity of the 2008 sentencing order. However, that order has been superseded by not one, but two subsequent orders. Kirkpatrick's contentions are therefore moot.

{¶ 16} Kirkpatrick offers only one argument to explain why defects in the 2008 entry should make the subsequent entries void as well. According to Kirkpatrick, because "the one-year alternative residential sanction was and is void * * *, there was no valid sanction to violate, and the Trial Court had no power to impose the reserve prison term."

{¶ 17} To the contrary, even if the 2008 entry were defective, the court still had jurisdiction to resentence him, given that Kirkpatrick has never challenged the validity of his guilty plea.

{¶ 18} Judge Stuard's April 16, 2009 order makes clear that he sentenced Kirkpatrick to a term of nine years not as a punishment for violating community

control, but because he considered nine years to be the appropriate sentence. And Judge Stuard later corrected the error in that order when he sentenced Kirkpatrick to the nine-year sentence he is now serving. Kirkpatrick has not established any defect in his current sentence, and therefore he has shown no legal right to a new sentencing hearing.

{¶ 19} A relator seeking a writ of mandamus must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent official or governmental unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Kirkpatrick has not satisfied these requirements.

{¶ 20} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jason W. Kirkpatrick, pro se.

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos, Assistant Prosecuting Attorney, for appellee.

_____