[Cite as *State ex rel. Vance v. Kontos*, 2014-Ohio-5080.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE ex rel., DAVID VANCE, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2014-T-0078** |
| HON. PETER J. KONTOS, JUDGE, | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Harry J. DePietro,* The DePietro Law Office, L.L.C., 7 West Liberty Street, Girard, OH 44420 (For Petitioner).

*Dennis Watkins,* Trumbull County Prosecutor, and *William J. Danso,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W, Warren, OH 44481-1092 (For Respondent).

PER CURIAM.

{¶1} This action in mandamus is presently before this court for consideration of the motion to dismiss filed by respondent, Judge Peter J. Kontos of the Trumbull County Court of Common Pleas. Respondent argues that the petition filed by relator, David Vance, fails to state a claim on which relief can be granted because the petition fails to satisfy any of the necessary elements for the issuance of a writ of mandamus. For the following reasons, we hold that that the dismissal of this action is warranted.

{¶2} Relator alleges in his petition that he was named as a defendant in a foreclosure action, Case No. 2012 CV 564, filed in the Trumbull County Court of Common Pleas by Bank of America, N.A. ("BAC"), which is on respondent's docket.

{¶3} Relator alleges that BAC recently settled a case filed by the Federal Securities and Exchange Commission and a civil action filed by the United States Department of Justice in unspecified cases filed in unspecified courts wherein, relator alleges, BAC admitted defrauding investors by selling them securities that were "backed" by mortgages, which were "predicated on fraudulent practices."

{¶4} Relator alleges that, although he was the victim of such fraudulent practices when he bought his home, BAC pursued said foreclosure action against him.

{¶5} Relator alleges that the fraud was reported in "news coverage" in August 2014, but that the parties in the foregoing federal cases have said little about said settlements or admissions and that relator is thus unable to produce any evidence at this time demonstrating BAC's alleged admission of fraud.

{¶6} Relator alleges that respondent entered a foreclosure decree in favor of BAC in said foreclosure case and that a writ of possession has issued.

{¶7} Based on BAC's alleged fraud, relator seeks a writ of mandamus to compel respondent to vacate all judgments and the writ of possession entered in the foreclosure action and to dismiss said action.

{¶8} In general, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In considering the propriety of the dismissal, "we accept all factual allegations in the

2

complaint as true and draw all reasonable inferences in the non-moving party's favor." *Transky v. Ohio Civil Rights Comm'n.*, 193 Ohio App.3d 354, 2011-Ohio-1865, ¶11 (11th Dist.). If, after considering the complaint accordingly, there is no set of facts consistent with the complaint that would permit recovery, the motion will be granted. *Id.*

{¶9} A writ of mandamus is defined as "a writ, issued in the name of the state to an inferior tribunal, * * * commanding the performance of an act which the law specially enjoins as a duty resulting from an office * * *." R.C. 2731.01. "[A] writ of mandamus is generally employed as a means of requiring a public official to complete an act which he is legally obligated to perform." *State ex rel. Dehler v. Kelly*, 11th Dist. Trumbull No. 2008-T-0062, 2009-Ohio-2534, ¶10. To be entitled to a writ of mandamus, the relator must be able to prove that: (1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a clear legal duty to perform that act; and (3) there is no legal remedy that could be pursued to adequately resolve the matter. *State ex rel. Appenzeller v. Mitrovich*, 11th Dist. Lake No. 2007-L-125, 2007-Ohio-6157, ¶5.

{¶10} Based on our review of the petition, there is no set of facts consistent with that pleading that would entitle relator to a writ of mandamus.

{¶11} With respect to the first element of a writ of mandamus, relator does not allege he has a clear legal right to the writ of mandamus he seeks.

{¶12} Further, relator does not meet this first element because he does not properly allege a claim for fraud against BAC. The elements of a cause of action for fraud are as follows: (1) a representation; (2) which is material to the transaction; (3) made falsely, with knowledge of its falsity, or with such recklessness as to its truth or

3

falsity that knowledge may be inferred; (4) with the intent to mislead another into relying on it; (5) justifiable reliance on the representation; and (6) an injury proximately caused by the reliance. *Burr v. Bd. of Cty. Commrs. Stark Cty.*, 23 Ohio St.3d 69 (1986), paragraph two of the syllabus. Therefore, to avoid dismissal, the complaint must set forth expressly or by inference the necessary elements of fraud. *Zuber v. Dept. of Ins.*, 34 Ohio App.3d 42, 45 (10th Dist.1986). Here, relator does not allege expressly or by implication any of the required elements of fraud.

**{¶13}** Further, Civ.R. 9(B) provides that when a claim is asserted that is based on fraud, the circumstances constituting fraud must be stated with particularity. In order to meet this obligation, the claim must include "'[t]he "circumstances constituting fraud" includ[ing] the time, place and content of the false representation; the fact represented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud.'" *Brown v. Sasak*, 11th Dist. Ashtabula No. 2009-A-0054, 2010-Ohio-2676, ¶16, quoting *Aluminum Line Products Co. v. Brad Smith Roofing Co., Inc.*, 109 Ohio App.3d 246, 259 (8th Dist.1996).

**{¶14}** Here, relator makes vague allegations that BAC engaged in fraud in selling securities to investors where the mortgages "backing" said securities were based on fraudulent banking practices and that he was the victim of such fraudulent practices. However, the petition does not allege any of the circumstances constituting the alleged fraud. Specifically, relator does not allege the time, place, or content of the false representation; the fact represented; the identification of the individual making the false representation; or the nature of what was obtained or given as a consequence of the fraud.

4

**{¶15}** Thus, relator does not meet the first element of a writ of mandamus, i.e., that he has a clear legal right to a writ ordering that all judgments and the writ of possession entered in his foreclosure action be vacated, because he does not allege he has such right and the petition does not properly state a claim for fraud.

**{¶16}** For the same reasons, relator does not satisfy the second element of a writ of mandamus, i.e., that respondent has a clear legal duty to issue the writ relator seeks. Specifically, relator does not allege in his petition that respondent has such duty and the petition does not properly state a claim for fraud. Moreover, relator does not reference any case law holding or even suggesting that in the circumstances presented here, respondent has a clear legal duty to issue a writ of mandamus.

**{¶17}** Next, relator does not fulfill the third element of a mandamus action because he does not allege there is no adequate remedy at law. In fact, he has already taken advantage of two *legal* remedies available to him by filing in the trial court a motion for relief from judgment and a motion to stay execution on the writ of possession. In his petition, relator alleges that he learned about the alleged fraud in August 2014. Since he filed his motion for relief from judgment and his motion to stay execution of the writ of possession in September 2014, it can fairly be presumed that he raised the issue concerning BAC's alleged fraud in support of these motions.

**{¶18}** Pursuant to the foregoing analysis, this court concludes that, even when the factual allegations in relator's petition are construed in a manner most favorable to him, he will not be able to establish a set of facts under which he could satisfy any of the three essential elements for issuance of a writ of mandamus. Accordingly, the dismissal of this action is warranted under Civ.R. 12(B)(6).

5

{¶19} Respondent's motion to dismiss the instant matter is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.

DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., concur.