[Cite as *Ziegler v. Ohio Dept. Public Safety*, 2015-Ohio-139.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IRM ZIEGLER, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | | |
| | : | **CASE NO. 2014-L-064** |
| - vs - | : | |
| OHIO DEPT. OF PUBLIC SAFETY, et al., | : | |
| | : | |
| Respondents. | : | |

Original Action for Writ of Mandamus.

Judgment: Writ denied.

*Irm Ziegler*, pro se, P.O. Box 601, Grand River, OH 44045 (Relator).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215, and *Jeffrey W. Clark*, Assistant Attorney General, 140 East Town Street, 9th Floor, Columbus, OH 43215 (For Respondents).

PER CURIAM.

This matter is before this court on the July 14, 2014 pro se "Petition for Writ of Mandamus" and "Motion for Waiver of Court Fees/Costs due to Indigency" filed by relator, Irm Ziegler. Relator requests that this court order respondents, Ohio Department of Public Safety, Thomas P. Charles (director), and Jacqualine Baumann

(legal intern), to disclose various public records surrounding a stop involving Robert Setzer conducted by the Ohio State Highway Patrol ("OSHP").

The records sought by relator are materials relating to that incident, including, inter alia, police reports, audio and video recordings, police procedures, and officer records.[1] Relator now seeks a writ of mandamus to compel the release of this documentation. However, the facts in this case show that respondents have provided all records responsive to relator's request (other than those that do not exist, those not kept by respondents, those that were for information rather than for records, or those properly withheld in accordance with law); properly denied those requests that were ambiguous and overly broad; and provided all required explanation and legal authority throughout this matter. For the reasons that follow, we deny relator's writ.

On August 8, 2014, in response to relator's mandamus petition, respondents filed an answer and requested that this court dismiss relator's petition. Relator filed a pro se "Brief in Opposition to Answer by Respondent Ohio Dept. of Public Safety" on August

---

1. Specifically, relator's request sought the following: (1) Robert Setzer's "Public Records" and OSHP "Policy/Procedure"; (2) "a entire UNEDITED copy of any/all required breath analyzer tests" "including the personal notes of the officers"; (3) "the Names of any/all Ohio State Highway Patrol Trooper(s) involve[ed] in responding, investigating, and processing the herein complaint, including the name(s) of any/all Officers from other unknown Law Enforcement Agencies, Dispatchers, Firemen, civilians, and Tow Truck Driver"; (4) "a entire UNEDITED copy of the actual Ohio State Highway Patrol Dispatch audio recordings of the police radio transmissions and Local Fire Dept radio transmissions"; (5) a entire UNEDITED copy of the actual video/audio recordings of all unknown officers walkie-talkie radio transmissions"; (6) "a entire UNEDITED copy of the actual video/audio recordings from the officers dashboard cams and video/audio recording from within the Ohio State Highway Patrol patrol/police cars"; (7) "a entire UNEDITED copy any/all clearly established non-exempt Ohio State Highway Patrol Policies/Procedures regarding how Ohio State Highway Patrol Troopers are to conduct field sobriety tests"; (8) a entire UNEDITED copy of any/all Ohio State Highway Patrol Troopers involved personal records; (9) a entire UNEDITED copy of the any/all incoming and outgoing phone calls, including 911-Calls"; (10) "a entire UNEDITED copy of the any/all video and audio of the Ohio State Highway Patrol- Trumble Post Processing/Booking Area"; (11) a entire UNEDITED copy of the entire recorded Ohio State Police Telephone call to ROBERT SETZER"; (12) "any/all of the herein requested Public Records by the Ohio State Highway Patrol is non-exempt Public Records"; (13) "the destruction and failure/refusal to disclose said herein requested exculpatory public records/information would be held as a arbitrary and capricious action by a court of law"; (14) "I/Requestee requests that the Ohio State Police not to contact me" "So that I can file a immediate Petition For Writ of Mandamus to compel disclosure of non-exempt Public Records, including attorney fee."

2

12, 2014 and a pro se "Amended Brief in Opposition to Answer by Respondent Ohio Dept. of Public Safety" on August 21, 2014.

On September 9, 2014, respondents filed a motion to strike, or in the alternative, a motion for a more definitive statement regarding relator's brief in opposition to their answer. The next day, relator filed a pro se "Motion to Show Cause and/or Relator's Pro Se More Definitive Statement for Respondent Ohio Dept. of Public Safety." On November 7, 2014, relator filed a pro se "Motion to Show Cause and/or Relator's Pro Se Declaratory Judgment for relief against Respondent Ohio Dept. of Public Safety."

On December 1, 2014, respondents filed a motion to submit document under seal[2] and a motion for summary judgment with response to relator's November 7, 2014 motion. On December 4, 2014, relator filed a pro se "Proffered Motion for Objection, Declare, or Strike Respondents Summary Judgment."

A review of relator's mandamus petition, and the subsequent filings, show that her claim for relief is predicated upon the following factual background:

On June 2, 2014, Trooper Kristopher Conaway with the OSHP, a division of the Ohio Department of Public Safety, conducted an investigatory stop of a driver at the scene of a crashed vehicle. Trooper Conaway arrested Robert Setzer on charges of failure to maintain control of a motor vehicle, possession of drug paraphernalia, operating a motor vehicle while under the influence of alcohol, and use of a weapon while intoxicated. On September 17, 2014, Setzer pleaded no contest to the drug paraphernalia charge and also a lesser charge of having physical control of a vehicle while under the influence.

---

2. Exhibit L is a "LEADS Throughput" which is exempt from public records requests under R.C. 149.43.

3

During the pendency of Setzer's case, as stated, relator made a request to respondents for "Public Records and Public Information" on June 24, 2014. Relator's request was lengthy and somewhat unclear. Some parts of the request refer to records surrounding the investigation and arrest of Setzer. Other parts refer to records "concerning/regarding the alleged incident *and me* on June 2, 2014," "video/audio recording * * * including any statements *made by this I/Requestee while I/Requestee was inside/outside any police car(s)* to any/all Officers * * *," "search warrant to seize *I/Requestee's* Blood," and "any/all video and audio * * * *of me* being processed at the Chardon PD." (Emphasis added.) The foregoing references to "me" and "I" are confusing as relator does not allege in her pleadings that she was in Setzer's vehicle or at the scene of the crash.

Due to the length and perplexing nature of relator's request, respondent Baumann submitted three response letters beginning in July 2014. Respondent Baumann provided the records that could be identified from relator's request, and denied others that were either subject to statutory exemptions or were ambiguous, overly broad or that were requests for information rather than for records. During the period at issue, all related investigative records of the OSHP were available to the prosecutor and to Setzer through discovery. When the criminal proceedings involving Setzer concluded, respondent Baumann provided additional records to relator in October 2014 that were no longer subject to statutory exemptions.

In her dispositive motion, relator demands disclosure of records "listed in Paragraphs (a)-(o)" of her requests.[3] Upon review, the evidence shows that no

---

3. In appellant's June 24, 2014 request, she lists the items (1) through (14). However, in her July 14, 2014 mandamus petition, she lists the items (a) through (o) with no items listed for (h) through (l).

responsive records exist for part or all of several of those paragraphs, all responsive records that adequately identified the records sought have been provided, any records withheld or redacted were subject to statutory exemptions, and the ambiguous portions of relator's request have been properly denied.

R.C. 2731.01 states: "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

"To be entitled to a writ of mandamus, the relator must be able to prove that: (1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a corresponding duty to perform that act; and (3) there is no other legal remedy that could be pursued to adequately resolve the matter." *State ex rel. Sanders v. Enlow*, 11th Dist. Portage No. 2010-P-0022, 2010-Ohio-5053, ¶14, citing *State ex rel. Appenzeller v. Mitrovich*, 11th Dist. Lake No. 2007-L-125, 2007-Ohio-6157, ¶5. However, a relator in a statutory public records mandamus action need not prove a lack of adequate remedy at law. *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 580 (2001).

"Dismissal of an original action is 'appropriate if after presuming the truth of all material factual allegations of (relators') petition and making all reasonable inferences in their favor, it appear(s) beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief (* * *).' *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, at ¶14 * * * (citation omitted). 'Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' *Id.* (citation omitted); *State ex rel.*

5

*Kreps v. Christiansen*, (2000) 88 Ohio St.3d 313, 316 * * * (citations omitted)." *State ex rel. Cioffi, v. Stuard*, 11th Dist. Trumbull No. 2011-T-0083, 2011-Ohio-5707, ¶18. (Parallel citations omitted.)

As stated, in response to relator's mandamus petition, respondents filed a motion for summary judgment. The standard for summary judgment is well established. "To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that: (1) there is no genuine issue of material fact to be resolved in the case; (2) final judgment as a matter of law is warranted; and (3) the nature of the evidentiary materials, even when viewed in a light most favorable to the non-moving party, are such that a reasonable person could only reach a conclusion against the non-moving party." *State ex rel. Andrews v. Chardon Police Dept.*, 11th Dist. Geauga No. 2012-G-3074, 2013-Ohio-338, ¶5.

Upon consideration, no genuine issue of material fact remains to be litigated. Even when the factual allegations in relator's petition are construed in a manner most favorable to her, she is unable to establish a set of facts under which she could satisfy the elements for the writ. *Enlow, supra,* at ¶14; *Gaydosh, supra,* at 580. Relator fails to establish a clear legal right to any further relief requested or a clear legal duty on respondents to perform it.

The facts in this case show that respondents have provided all records responsive to relator's request, other than those that do not exist, those not kept by respondents, those that were for information rather than for records, or those properly withheld in accordance with law. Respondents properly denied those requests that were ambiguous and overly broad. *See* R.C. 149.43(B); *State ex rel. Glasgow v. Jones*,

6

119 Ohio St.3d 391, 2008-Ohio-4788, ¶17 (the obligations of R.C. 149.43(B) are only invoked and a writ of mandamus can only issue where a proper request has been made, i.e., one that describes the records sought with reasonable clarity). Although repeatedly encouraged by respondent Baumann, relator never revised her request to clarify any of the ambiguities. The record supports the fact that respondents provided all required explanation and legal authority throughout this matter. Relator fails to establish any entitlement to a monetary award or fees.

Accordingly, it is the order of this court that respondents' motion for summary judgment is granted and relator's mandamus petition is hereby dismissed. Any pending motions are hereby overruled as moot.

CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.